IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD CURRY, | : CIVIL ACTION NO. |
| | : 1:13-CV-1607-WSD-JSA |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DART CONTAINER CORPORATION | : |
| OF GEORGIA, | : **FINAL REPORT AND** |
| | : **RECOMMENDATION ON A** |
| Defendant. | : **MOTION TO DISMISS** |

This case is before the Court in an odd procedural posture. Defendant has removed this *pro se* employment case to this Court based on its belief that the Complaint [1-1] could be read as asserting federal discrimination claims, and has requested that the Court dismiss those claims. *See* Notice of Removal [1] at 1-3; Motion to Dismiss [2]. Plaintiff responds that Defendant's construction of the Complaint [1-1] is wrong. He has now filed an Amended Complaint and More Definite Statement [8] that continues to make no claim of discrimination, and references only state contract law authority for his assertion that he was wrongfully fired.

The Court interprets Plaintiff's Amended Complaint [8] as disclaiming any intention to assert the federal claims Defendant hypothesizes, and to instead assert at most state law tort and breach of contract claims. Therefore, there is no subject matter jurisdiction. The **RECOMMENDS** that the case be **REMANDED** back to Fulton County State Court.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se,* filed this action in the State Court of Fulton County, Georgia on April 8, 2013. *See* Cmplt. [1-1] at 1; *see also* supporting documents [1-2][1-3][1-4]. Defendant removed the case to this Court on May 10, 2013, arguing that while Plaintiff failed to specify the basis of his claim, his allegations of wrongful termination and unequal pay likely sound in federal law. *See* Notice of Removal [1] at 2-3. Defendant then filed a Motion to Dismiss, or in the alternative, a Motion for a More Definite Statement [2] on May 17, 2013. Plaintiff did not respond to that Motion [2].

The undersigned on September 5, 2013 granted Defendant's Motion for a More Definite Statement [2] and consequently recommended that the District Court deny Defendant's Motion to Dismiss [2] as moot. *See* Order and Non-Final Report and

Recommendation [6]. The District Court adopted the undersigned's Recommendation [6] on October 18, 2013. *See* Order [11].

In granting the Motion for a More Definite Statement [2], the undersigned explained that Plaintiff needed to specifically state the legal claims he was asserting, and, in particular, whether he sought relief under federal or state law. *See* Report and Recommendation [6] at 5. The undersigned also noted that Plaintiff failed to allege sufficient facts to fulfill the elements of any claim he may have been pursuing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq. See id.* at 5-7. The undersigned explained to Plaintiff that if Plaintiff intended to assert a claim under any such statute, he must say so expressly and must allege facts sufficient to meet the specific elements that the Court outlined for his benefit. *See id.* at 7-8.

Plaintiff responded on September 26, 2013 by filing "An Amended Complaint with a More Definite Statement or, in the Alternative, . . . [a] Request [for] Time to Obtain Counsel to Properly State and Support Plaintiff['s] Allegations if The Provided

Amendment is Insufficient" [8][1]. This document [8] provides more factual detail explaining Plaintiff's termination and the events that led to it. Plaintiff did not expressly state any federal claim, whether under Title VII, the FLSA, or otherwise. To the contrary, Plaintiff stated, "I wish to contest Defendant's claim that I made a complaint of wage discrimination, overtime violation, and retaliation . . . . The only claim I am pursuing . . . is 'Wrongful Termination.'" Am. Cmplt. [8] at 2. Although Plaintiff did not expressly state a particular legal theory, he cited a case, *Nicosia v. Wakefern Food Corp.*, 643 A.2d 554 (N.J. 1994), that relates to a breach of an implied employment contract under state law. *See id*. Plaintiff continued to make no reference to discrimination, race, gender or age, either in his allegation of facts or in articulating his legal claim.

## II.   ANALYSIS

The Court concludes on this record that Plaintiff has not intended to assert any discrimination or other claims under federal law. Plaintiff expressly rejects Defendant's characterization of his Amended Complaint [8], and he states that in contrast to the claims hypothesized by Defendant, "[t]he only claim I am pursuing in

---

[1] The Clerk listed this document both as an Amended Complaint [8] and as a Motion for Extension of Time to Obtain Counsel [9].

4

this civil action Suit is 'wrongful termination.'" Am. Cmplt. [8] at 2. Plaintiff specifically cites the *Nicosia* case as supporting his claim. *See id*. This case, applying New Jersey contract law, affirmed a jury verdict in favor of a discharged employee on a wrongful termination claim premised on an implied employment contract created by an employee manual. *See Nicosia*, 543 A.2d at 557-558. The facts Plaintiff alleges relate solely to whether he committed the act of insubordination that was the basis of his termination. He alleges nothing relating to race, gender, age or any discrimination on any ground whatsoever.

Thus, as clarified by Plaintiff's Amended Complaint [8], it is evident to the Court that Plaintiff is pursuing solely state law contract and/or tort claims. While the Court must liberally read *pro se* filings, there is no basis to read this Amended Complaint [8] (especially in the context of the prior filings and Order [6] to which it responds) as asserting Title VII or other federal claims. The Court specifically informed Plaintiff in its prior order that, if he intended to assert federal claims, he must specifically say so, and specifically allege facts meeting the elements of that claim. *See* Report and Recommendation [6] at 7-8. The Court also informed Plaintiff as to the elements of Title VII discrimination and other federal employment claims. *See id.* at 5-7. Plaintiff's response was to dispute Defendant's construction of his

5

original Complaint [1-1], and state that "[t]he only claim I am pursuing in this civil action Suit is 'wrongful termination'" with specific reference to *Nicosia*. *See* Am. Cmplt. [8]. There is simply no federal claim in this filing [8].

The only basis upon which this case was removed was federal question jurisdiction, premised on Defendant's hypothesis that Plaintiff wished to assert federal claims. *See* Notice of Removal [1] at 2-3. Since the Court now concludes, in light of Plaintiff's subsequent clarification, that there are no federal claims, it follows that there is no federal question jurisdiction under 28 U.S.C. § 1331. Thus, because there is no subject matter jurisdiction, the Court is obligated to remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The lack of subject matter jurisdiction cannot be waived, and therefore the Court is obligated to remand *sua sponte*, even if the question is not raised by the parties. *See id.*; *see also RES-GA Cobblestone, LLC v. Blake Constr. and Dev., LLC*, 718 F.3d 1308, 1313 (11th Cir. 2013) ("Federal courts operate under a continuing obligation to inquire into the existence of subject matter jurisdiction whenever it may be lacking . . . . That obligation continues through every state of a case, even if no party raises the issue.").

6

Thus, the undersigned **RECOMMENDS** that the matter be **REMANDED** to the State Court of Fulton County.

Because the Court lacks subject matter jurisdiction, it lacks any authority to otherwise rule on any pending Motions [9][10]. Thus, the Court cannot consider whether Plaintiff states a claim under Georgia contract or tort law for "wrongful termination" on a *Nicosia*-type theory, or otherwise. The Court also cannot consider Plaintiff's request for "time to obtain counsel to properly state and support plaintiff [sic] allegations." Pl. Mot. [9] at 1. The question of whether amendment should be permitted and on what terms is most appropriately left to the state court. Of course, any newly-added claims could later affect the removability of the case. But there is currently no federal claim in the Amended Complaint [8] and the case should be **REMANDED**.[2]

---

[2] The result would be no different even if the Court were to conjure up hypothetical federal discrimination claims in the Amended Complaint [8] despite Plaintiff's apparent intent not to assert them, only to dismiss these non-stated claims for failing to state a claim. The Court would still recommend remand to the state court to consider the remaining state law contract and/or tort claims. One could argue in such a context that supplemental jurisdiction under 28 U.S.C. § 1367 would authorize the Court to consider the merits of the entire Amended Complaint [8]. But supplemental discretion is discretionary, and the Supreme Court has directed the district courts not to exercise it–and rather to remand state law claims–where the federal claims are dismissed pre-trial and no other basis for federal jurisdiction exists. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the

### III. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the District Court **REMAND** this case to the Civil Division of the State Court of Fulton County, Georgia.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 18th day of March, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). That is what the undersigned would recommend even if a basis existed to consider and then dismiss a hypothetical Title VII or other federal claim.