IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD CURRY,

        **Plaintiff,**

v.                                           1:13-cv-1607-WSD

DART CONTAINER
CORPORATION OF GEORGIA,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [14].

### I.  BACKGROUND

On April 8, 2013, Plaintiff Edward Curry ("Plaintiff"), proceeding *pro se*, initiated this action in the State Court of Fulton County, Georgia.  In his Original Complaint [1-1], Plaintiff generally alleged that he was wrongfully terminated by his employer, Defendant Dart Container Corporation of Georgia ("Defendant"), and that he had been given "unequal pay."

On May 10, 2013, Defendant removed the action to this Court on the ground that Plaintiff's unspecified employment claims may "sound in" federal law.  On May 17, 2013, Defendant filed its Motion for a More Definite Statement.

Magistrate Judge Anand granted the Motion for a More Definite Statement and ordered Plaintiff to specifically state the legal claims he is asserting in this action.

On September 26, 2013, Plaintiff filed his Amended Complaint, in response to Judge Anand's order, in which he asserts that he is asserting only a claim for "wrongful termination" and not a claim arising under federal law.

On March 18, 2014, Judge Anand issued his R&R recommending that this action be remanded to the state court.  Judge Anand found that Plaintiff's Amended Complaint shows that no federal claims are at issue in this action and that the Court thus lacks subject matter jurisdiction.

Neither party filed objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

The parties do not object to the Magistrate Judge's finding that Plaintiff's Amended Complaint, asserting only claims for wrongful termination, does not assert federal questions and the Court therefore lacks subject matter jurisdiction over this action.  The Court does not find any error in this conclusion.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Because the Court lacks subject matter jurisdiction over this matter, the action is required to be remanded.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**III.  CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [14] is **ADOPTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the State Court of Fulton County, Georgia.

**SO ORDERED** this 30th day of May, 2014.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE